UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA NARDELLA, as parent and guardian of C.D., <br><br> Plaintiff, <br><br> v. <br><br> LEYDEN HIGH SCHOOL DISTRICT 212, NICK POLYAK, BOARD OF EDUCATION OF LEYDEN TOWNSHIP, MELINDA R. MCGUFFIN, KATE TALSMA, KATIE LACOUNT, KATHY KLAUS, and ADVENTIST GLENOAKS HOSPITAL THERAPEUTIC DAY SCHOOL <br><br> Defendants. | Case No. 15-cv-4885 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Cynthia Nardella, acting as the parent and guardian of C.D., filed a first amended complaint in this action against Leyden High School District 212, Nick Polyak, the Superintendent of Leyden High School District 212, the Board of Education of Leyden Township, Melinda R. McGuffin, Kate Talsma, Katie LaCount, Kathy Klaus (collectively "the Leyden defendants"), and the Adventist Glen Oaks Hospital Therapeutic Day School (Glen Oaks). Glen Oaks now moves to dismiss the amended complaint against it for failure to state a claim on which relief may be granted. For the reasons set forth below, that motion [108] is granted.

The underlying facts of this case are fully set forth in this Courts' prior opinion partially granting the Leyden defendants' motion to dismiss. (Dkt. 116). Those facts, taken from the plaintiff's amended complaint, are accepted as true for the purpose of ruling on the present motion.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain

1

sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

Glen Oaks contends that Count I, which appeals the Independent Hearing Officer's final determination and order, must be dismissed because Glen Oaks was not a participant in the administrative hearing. The Individuals with Disabilities Education Improvement Act (IDEA) provides that a parent may file a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," and establishes the procedures under which a due process hearing on the complaint will be held. 20 U.S.C. § 1415(b). The results of such a hearing, once final, may be appealed by bringing a civil action with respect to the complaint presented in a district court of competent jurisdiction. 20 U.S.C. § 1415(i)(2)(A).

Because Count I functions as an appeal of the Hearing Officer's final order, it may only be brought with respect to parties who were participants in the due process hearing. *Kerry M. v. Manhattan Sch. Dist. #114*, No. 03 C 9349, 2004 WL 2538303, at *8 (N.D. Ill. Sept. 28, 2004) (Guzman, J.). Nardella's amended complaint does not allege that Glen Oaks was a participant in the

2

administrative hearing. Rather, it only alleges that she requested that the independent hearing officer order the release of records in Glen Oaks' possession. Although Nardella now argues that her counter-claim and amended counter-claim in the administrative proceeding contained allegations concerning Glen Oaks, those factual allegations are not reflected in the amended complaint and therefore cannot be considered by this Court. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ."). Accordingly, there is no basis for this Court to conclude that Glen Oaks participated in the administrative hearing process and Count I must be dismissed with respect to Glen Oaks.

Glen Oaks does not address Counts II, III, or IV in its motion because it contends that it is not named in those counts. Each of those counts contains a paragraph explicitly identifying which defendants they are brought against, and Glen Oaks is not listed in any of them. Although Nardella now asserts that the facts alleged in the amended complaint are sufficient to support claims against Glen Oaks under those counts, Glen Oaks was not actually named as a defendant in those counts and therefore was deprived of notice that those counts concerned its alleged conduct. Accordingly, to the extent that those counts were meant to encompass Glen Oaks' conduct they are insufficiently plead under the federal pleading standards and therefore must be dismissed with respect to Glen Oaks.

Finally, Glen Oaks contends that Count V of Nardella's amended complaint must be dismissed because Nardella has failed to establish a claim for intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended that his conduct should inflict severe emotional distress or knew that there was a high probability that it

3

would do so; and (3) the defendant's conduct in fact caused severe emotional distress. *Cook v. Winfrey*, 141 F.3d 322, 330 (7th Cir. 1998).

> Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or trivialities. Liability only attaches in circumstances where the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. The distress inflicted must be so severe that no reasonable person could be expected to endure it.

*Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 866, 318 Ill.App.3d 736 (2000) (internal quotations and citations omitted).

With respect to Glen Oaks, Count V of the amended complaint alleges only that Glen Oaks "inappropriately and improperly accepted C.D. and then continued to serve him in an inappropriate placement intentionally causing him emotional distress." Nardella's general factual allegations further clarify that while C.D. was enrolled at Glen Oaks he was disciplined for behaviors that may have resulted from his autism, he was suspended twice, and it was incorrectly suggested that he might suffer from schizophrenia. Although this Court fully believes that C.D. might have experienced emotional distress upon his transfer to Glen Oaks, Nardella has not set forth any allegations sufficient to demonstrate that Glen Oaks engaged in extreme and outrageous conduct "beyond all possible bounds of decency". *Id.; see also A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1209 (9th Cir. 2016) (holding that allegations that the defendants had failed to research whether interventions were appropriate, had failed to provide necessary accommodations, had touched the student in an effort to restrain her, and had enlisted police assistance to restrain her were insufficient to establish extreme and outrageous conduct). Nor has Nardella adequately alleged that Glen Oaks intended to inflict severe emotional distress on C.D. or that severe emotional distress in fact resulted from Glen Oaks' conduct. Accordingly, Nardella has failed to state a claim for intentional infliction of emotional distress.

4

Finally, this Court turns to Glen Oaks request that its dismissal from this case be with prejudice. Although the plaintiff has already had one opportunity to amend the pleadings, this Court notes that the original complaint was filed without the assistance of counsel and that the plaintiff has specifically requested leave to amend the complaint. Accordingly, this Court declines to dismiss Glen Oaks with prejudice at this time.

**Conclusion**

For the foregoing reasons, the motion to dismiss [108] is granted, and Glen Oaks is dismissed from this case without prejudice. Nardella is given leave to file an amended complaint within thirty (30) days of the entry of this order to cure the deficiencies identified above. Failure to do so will result in Glen Oaks' dismissal from this case with prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: August 11, 2016